IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 5:17 CR 376 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | |
| JUAQUENE SOLOMON, | ) | GOVERNMENT'S RESENTENCING |
| | ) | MEMORANDUM |
| Defendant. | ) | |

Now comes the United States of America, by and through its attorneys, Justin E. Herdman, United States Attorney, and Mark S. Bennett, Assistant United States Attorney, and hereby files this resentencing memorandum.  This Sixth Circuit vacated and remanded defendant Solomon's sentence so that this Court consider whether Ohio Revised Code § 2925.03 still qualifies as a career offender Guideline predicate offense in light of the Sixth Circuit's decision in United States v. Havis, 927 F.3d 382 (6th Cir. 2019) (en banc).  The Government submits its resentencing memorandum requesting that this Court to determine that it does and that Solomon still qualifies for the career-offender enhancement, and to sentence accordingly.

I. **STATEMENT OF THE CASE**

    A. **Procedural History**

On September 25, 2017, the government filed an information charging Solomon with possessing with intent to distribute Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). (R. 9: Information, PageID 21).  That same day, Solomon waived the right to be charged by indictment and pled guilty to the information pursuant to a plea agreement with the government. (R. 9-2: Waiver, PageID 24; R. 10: Waiver, PageID 25; R. 12: Plea Agreement, PageID 28).

On January 9, 2018, this Court sentenced Solomon to 125 months imprisonment, which was below the calculated career offender Guideline range, followed by four years of supervised release. (R. 18: Judgment, PageID 125-27). The court entered final judgment against Solomon the same day. (Id., PageID 125). Solomon filed his timely notice of appeal on January 11, 2018. (R. 19: Notice of Appeal, PageID 132). On February 13, 2019, this Court applied United States v. Evans, 699 F.3d 858, 866 (6th Cir. 2012), namely, its conclusion that a prior drug conviction under Ohio's offer-to-sell statute, Ohio Revised Code § 2925.03(A)(1), categorically qualifies as a Guidelines controlled-substance predicate based on U.S.S.G. § 4B1.2(b)'s text and Application Note 1's inclusion of attempts, Evans, 699 F.3d at 868, and, thus, rejected Solomon's claim on direct appeal that Section 2925.03(A)(1) was overly broad. (Doc. 33-2: Opinion, Pages 7-9). This Court denied Solomon's motion for rehearing on April 9, 2019, (Doc. 35-1: Order), and issued the mandate on April 19, 2019. (Doc. 36: Mandate).

On June 13, 2019, Solomon filed a motion to recall the mandate based on United States v. Havis, 927 F.3d 382 (6th Cir. 2019) (en banc). (United States v. Solomon, Case No. 18-3058, Doc. 37: Motion). On June 27, 2019, while Solomon's motion was pending before this Court, the Supreme Court granted Solomon an extension until August 22, 2019, within which to file a petition for a writ of certiorari. (See generally, Supreme Court Docket for Application No. 18A1365). On July 2, 2019, the Sixth Circuit granted Solomon's motion to recall the mandate and issued an order holding this case in abeyance until August 1, 2019. On July 18, 2019, the Sixth Circuit issued an order inviting the parties to submit a supplemental brief "explaining how Havis impacts Solomon's appeal and advising whether remand is appropriate." (41-2: Order).

On November 4, 2019, the Sixth Circuit issued an order vacating Mr. Solomon's sentence and remanding the case to the district court. (United States v. Solomon, Case No. 18-3058, Document 48-2). The Sixth Circuit found that given that Havis abrogated Evans, this Court should have the opportunity to determine whether Mr. Solomon is a career offender post-Havis. (Id.)  The Sixth Circuit did not make any determination as to whether Ohio Revised Code § 2925.03 still qualifies as a career offender Guideline predicate offense in light of Havis.  Specifically, the Sixth Circuit stated, "The posture of this case does not require us to resolve the parties' dispute about the nuances of Havis." (Id., Pg. 2).  Instead, the Sixth Circuit made it clear that "[s]entencing is he province of the district court.  Our role is merely to review the district court's decisions.  There being no error but rather a change in the law, we conclude that the district court should be allowed to resume its task." (Id., Pg 3).

This Court has requested the parties file briefs on the issue, which the government now submits requesting this Court to determine that it does and that Solomon still qualifies for the career-offender enhancement, and to sentence accordingly.

**B.    Underlying Facts**

1.    Solomon's Offense

Solomon stipulated as part of his plea agreement with the government that on or about August 2, 2017, the Customs and Border Protection Office of Field Operation ("CBP") exercised its extended border search authority at the CBP Cargo Examination Station in Middleburg Heights, Ohio, to search a package addressed to L.B. in Akron, Ohio, following L.B.'s receipt of six suspected foreign parcels in the Akron area. (R. 12: Plea Agreement, PageID 34).  The searched package contained a white powder that law enforcement seized and submitted for testing. (Id.).  Laboratory tests on or about August 4, 2017, confirmed that the seized substance contained 86.35 grams of Fentanyl. (Id.).

As such, on or about August 7, 2017, law enforcement obtained an anticipatory state search warrant for the residence listed on the package and delivered the package to the residence, using a tracking device that would provide an alert signal when the package was opened. (Id., PageID 35). A few minutes after the controlled delivery, officers saw Solomon retrieve the package and take it inside the residence. (Id.; R. 14: Sealed Presentence Report, PageID 66). The agents then executed the anticipatory search warrant after receiving a tracking device alert indicating that the package had been opened. (R. 14: Sealed Presentence Report, PageID 66). Upon entering the residence, agents found Solomon between the kitchen and dining room and the package's interior box in the kitchen trash. (R. 12: Plea Agreement, PageID 35). The package's exterior plastic envelope was on the living room floor, near the dining room entrance. (Id.).

Solomon subsequently admitted that he had caused the package to be shipped from overseas to L.B. in Akron. (Id.). Solomon also stipulated in the plea agreement that the package contained 86.35 grams of Fentanyl and that he possessed this substance with the intent to distribute it. (Id., PageID 35-36).

        2.        Solomon's Plea Agreement

Solomon stipulated in his plea agreement that the amount of Fentanyl that he possessed with the intent to distribute corresponded to a Sentencing Guideline offense level of 24 before any reduction for acceptance of responsibility. (Id., PageID 32). Additionally, the government agreed "to recommend a three (3) level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and (b) provided Defendant's conduct continues to reflect Defendant's acceptance of responsibility." (Id.). Solomon acknowledged, however, that it would "be up to the Court at the time of sentencing to determine whether a reduction for acceptance of responsibility is

appropriate." (Id., PageID 32-33).  Solomon also acknowledged that "[t]he parties h[ad] no agreement about the Criminal History Category applicable in his case" and that the "Criminal History Category w[ould] be determined by the Court after the completion of a Pre-Sentence Investigation by the U.S. Probation Office." (Id., PageID 33).

The parties further "agree[d] to recommend that the Court impose a sentence within the range and of the kind specified pursuant to the advisory Sentencing Guidelines in accordance with the computations and stipulations set forth" in the plea agreement. (Id., PageID 31). Solomon acknowledged that the parties' recommendations would "not be binding upon the Court, that the Court alone w[ould] decide the advisory guideline range under the Sentencing Guidelines, whether there is any basis to depart from that range or impose a sentence outside the advisory guideline range, and what sentence to impose." (Id.).

3. Sentencing

The U.S. Probation Office subsequently prepared a presentence report that found that Solomon qualified as a career offender, with an offense level of 34, criminal history category of VI, based on Solomon's prior convictions for: (1) trafficking cocaine, in violation of Ohio Rev. Code §§ 2925.03(A)(1) and (2) domestic violence, in violation of Ohio Rev. Code § 2919.25(A). (R. 14: Sealed Presentence Report, PageID 69). Solomon objected to the U.S. Probation Officer's conclusion about his career offender status. (Id., PageID 89-90).

At sentencing, this Court initially applied a base offense level of 24 and a 3-level reduction for acceptance of responsibility, consistent with the parties' recommended Guideline calculation. (R. 27: Sentencing Trans., PageID 166). The court also applied a criminal history category of VI. (Id.). Over Solomon's objection, this Court further concluded that Solomon's prior domestic violence and drug trafficking convictions constituted predicate offenses under the

career offender Guideline based on this Court's decisions in United States v. Gatson, 776 F.3d 405, 410 (6th Cir. 2015); United States v. Williams, 655 F. App'x 419, 422 (6th Cir. 2016); United States v. Evans, 699 F.3d 858, 866 (6th Cir. 2012); and United States v. Allen, 711 F. App'x 781, 783 (6th Cir. 2017). (Id., PageID 169-74).  Given Solomon's career offender designation, the court concluded that a Guideline range of 188 to 235 months applied. (Id., PageID 179).  Ultimately, however, after considering the applicable sentencing factors under 18 U.S.C. § 3553(a), this Court varied below the career offender Guideline range and imposed a 125-month sentence. (Id., PageID 195).

## II. LAW AND ARGUMENT

### A. Ohio Revised Code § 2925.03(A)(1) Still Constitutes a Predicate Offense

Solomon continues to object to the finding that his prior conviction for Trafficking in Cocaine under Ohio's 2925.03(A)(1).  Solomon's argument rests on the June 6, 2019 en banc Sixth Circuit decision in Havis, 927 F.3d 382.  As discussed below, notwithstanding the Havis decision, a conviction for violating Ohio Revised Code § 2925.03(A)(1) remains a qualifying "controlled substance offense."  Accordingly, when coupled with Solomon's 2002 conviction for domestic violation, Solomon qualifies as a career offender under the Sentencing Guidelines.

Ohio Revised Code section 2925.03(A)(1) states that no person shall knowingly "Sell or offer to sell a controlled substance or a controlled substance analog."  Havis held that the Sentencing Guidelines' "controlled-substance offense" definition does not include "attempt" crimes. 927 F.3d at 386-87.  In particular, Havis found that the Sentencing Commission overstepped its authority by adding the crime of "attempting to commit [controlled substance] offenses" to Section 4B1.2's "controlled substance offense" definition. Id. at 384, 386-87.  Havis deemed the Commission's "addition" invalid because it was included in the Guidelines Commentary, instead of in its text. Id. at 386-87.

6

Judge Sutton's concurring opinion to the Circuit's July 12, 2019, order denying reconsideration in Havis, however, explained the limited nature of Havis' scope. Id., at 317, 318-20 (en banc order; Sutton, J., concurring). Specifically, Havis only invalidated "incomplete", attempted offenses, which incorporate the legal, term-of-art definition of attempt liability. Id., Slip op. at 4-6. Havis did not reach "completed" offenses, where the statute of conviction itself includes attempts, as "ordinarily" understood, within its elements, either as a statutory term or incorporated through a definition. Id.

In the former situation, a substantive crime plus a separate attempt statute comprises the conviction, such as attempted federal drug trafficking under 21 U.S.C. §§ 841 and 846. Id., Slip op. at 4-5. The substantive offense is not completed or "inchoate." Id.

In the latter situation, however, the substantive crime incorporates "attempts" into the crime itself; the crime is complete once attempted, as ordinarily understood. Id. A stand-alone attempted drug-trafficking conviction under Section 841 fits this situation: the statutory element requires "distribution," which the statute elsewhere defines as including "attempted transfers" of drugs. 21 U.S.C. §§ 802(11), 802(8). Federal and state convictions satisfying this pattern remain valid "controlled substance offenses" after Havis. Havis, 929 F.3d at 318-20.

Here, Solomon's stand-alone conviction under Ohio's offer-to-sell statute still qualifies as a career offender predicate because a Section 2925.03(A)(1) offense incorporates the ordinary meaning of attempt into the completed offer-to-sell crime. Indeed, the situation would be different under Havis had Solomon been convicted of an incomplete attempted offense through a conviction under Ohio Revised Code § 2925.03(A)(1) combined with Ohio's freestanding attempt statute, Ohio Revised Code § 2923.02, which is a "state analogue" to Section 846. See Havis, 929 F.3d 317, Slip op. 6. Solomon, however, was convicted of the completed offense

7

under Section 2925.03(A)(1) in Summit County Common Pleas Court Case No. CR-01-11-2937. (R. 14: Sealed PSR, PageID 73).  Hence, his stand-alone Section 2925.03(A)(1) offense remains a valid career offender Guideline predicate after Havis.

Solomon previously cited two additional Sixth Circuit decisions in United States v. Garrett, No. 18-3816, 2019 WL 2443145 (6th Cir., Jun. 11, 2019), and United States v. Powell, No. 18-3654, 2019 WL 3286174 (6th Cir., July 22, 2019), in which Sixth Circuit remanded the defendants' cases for resentencing in light of Havis, where the defendants, as here, had prior convictions under Section 2925.03(A)(1).  Those cases, however, do not help Solomon.  Garrett recognized only that "Garrett's prior convictions may have been for an attempted controlled substance offense." 2019 WL 2443145 at *1 (emphasis in original).  Further, in remanding Garrett's case because the district court had relied on Evans, the Sixth Circuit expressly stated that the district court should "consider in the first instance whether Garrett qualifies for the career offender enhancement in light of Havis." Garrett, 2019 WL 2443145 at *1 (emphasis in original).  The Garrett opinion does not address the distinction between completed and incomplete attempt offenses that Judge Sutton's concurrence highlights.

Likewise, in Powell, the Sixth Circuit expressly noted that the government would be free to argue below – and the district court should consider in the first instance that Powell's Section 2925.03(A)(1) conviction still qualified for reasons beyond that which Havis addressed, Powell, 2019 WL 3286174 at *3 n. 2, which would include the distinction between complete and incomplete, attempted drug trafficking offenses.  Hence, Garrett and Powell do not control or suggest the outcome here.

8

For the foregoing reasons, the government submits that <u>Havis</u> does not apply to Solomon's prior Section 2925.03(A)(1) offense, and that it still qualifies as a predicate offense under the career offender Guideline enhancement.

### III. <u>CONCLUSION</u>

Based on this conclusion, the Government respectfully requests that this Court determine that Solomon is a career offender and sentence him within the advisory guideline range of 188 to 235 months

                                        Respectfully submitted,

                                        JUSTIN E. HERDMAN
                                        United States Attorney

By:   /s/ Mark S. Bennett
        Mark S. Bennett (OH 0069823)
        Assistant United States Attorney
        United States Court House
        801 West Superior Avenue, Suite 400
        Cleveland, OH 44113
        (216) 622-3878
        (216) 522-8355 (facsimile)
        Mark.Bennett2@usdoj.gov

## CERTIFICATE OF SERVICE

    I hereby certify that on this 22nd day of November 2019, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

                                       /s/ Mark S. Bennett  
                                       Mark S. Bennett (0069823)  
                                       Assistant U.S. Attorney